UNITED STATES DISTRICT COURT "O"
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4918 CAS (MANx) | Date | July 27, 2012 |
|---|---|---|---|
| Title | FREDERICK SIMONSON, ET Al. v. ALLSTATE INSURANCE COMPANY | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers:) PLAINTIFFS' MOTION TO REMAND (filed 7/5/2012)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of August 6, 2012 is vacated, and the matter is hereby taken under submission.

## I.   INTRODUCTION AND BACKGROUND

On May 11, 2012, plaintiffs Frederic and Rita Simonson filed a complaint in the Los Angeles County Superior Court against Allstate Insurance Company ("Allstate"), alleging breach of insurance contract. The gravamen of plaintiffs' complaint is that Allstate acted in bad faith in refusing to reimburse them for the full amount of insurance benefits for damage to their home resulting from a 2008 fire.

On June 5, 2012, defendant removed the action to this Court on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441. On July 5, 2012, plaintiffs filed the instant motion to remand. On July 13, 2012, defendant filed an opposition to plaintiffs' motion. After carefully considering the arguments set forth by each party, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to

UNITED STATES DISTRICT COURT "O"
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4918 CAS (MANx) | Date | July 27, 2012 |
|---|---|---|---|
| Title | FREDERICK SIMONSON, ET Al. v. ALLSTATE INSURANCE COMPANY | | |

the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). The defendant also has the burden of showing that it has complied with the procedural requirements for removal. Judge William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 2:609 (The Rutter Group 2007).

     Under 28 U.S.C. § 1446(b), the defendant must file the notice of removal within 30 days after being served with a complaint alleging a basis for removal. When there are multiple defendants, all defendants named in the complaint and who have been properly joined and served in the action must also join in the removal. Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986). This is known as the rule of unanimity. See Chicago, Rock Island & Pac. Ry. v. Martin, 178 U.S. 245 (1900); see also Schwarzer, supra, § 2:905.2.

     If the defendant's removal notice fails to meet the procedural requirements of § 1446(b), the court may remand the action based on the plaintiff's timely motion. McAnally Enters., Inc. v. McAnally, 107 F. Supp. 2d 1223, 1226 (C.D. Cal. 2000). Pursuant to 28 U.S.C. § 1447(c), a motion to remand based on any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice of removal.

**III. DISCUSSION**

     Plaintiffs contend that defendant has failed to provide admissible evidence to establish complete diversity of citizenship. Mot at 4. Specifically, plaintiffs refute defendant's assertion that it is a citizen of only Illinois. Plaintiffs further argue that the Court should focus on the fact that defendant "has a substantial presence in conducting business in the State of California, with hundreds if not thousands of defendant's offices, [and] defendant's agents working on its behalf in the State of California." Id. at 5.

     In response, defendant offers the declaration of Stephen L. Ihm, the Vice President, Assistant General Counsel, and Assistant Secretary of Allstate, who asserts that defendant's nerve center is located at its headquarters in Illinois, the place where "the important corporate decisions are made, and where its executive and administrative functions are performed." Declaration of Stephen L. Ihm ¶ 3. Further, defendant notes

UNITED STATES DISTRICT COURT "O"
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4918 CAS (MANx) | Date | July 27, 2012 |
|---|---|---|---|
| Title | FREDERICK SIMONSON, ET Al. v. ALLSTATE INSURANCE COMPANY | | |

that all of the regional managers around the nation report to the department heads at its headquarters in Illinois. See id. ¶ 5.

The Court finds that defendant has provided sufficient proof that it is a citizen of only Illinois, and therefore that complete diversity of citizenship exists. See Gaus v. Miles, Inc., 980 F.2d 564, 566–67 (9th Cir. 1992). Illinois is the state where the majority of defendant's executive and administrative functions are performed, where important corporate decisions are made, and where department heads are located. See id.; Ihm Decl. ¶¶ 3, 5. In addition, defendant's "nerve center"—where defendant's officers "direct, control, and coordinate the corporations's activities"—is located in Illinois. Hertz Corp v. Friend, 130 S. Ct. 1181, 1192 (2012). Indeed, other courts in this District have reached the same conclusion. See, e.g., Kuebler v. Allstate Ins. Co., Case No. CV 98-2667 JMI (JCx), 1998 WL 596733, at *3 (C.D. Cal. July 9, 1998) (concluding that "in applying the nerve center test, Illinois is the only possible principal place of business for Allstate. . . [because] significant executive and management staff work out of Illinois, and all regional and local offices and employees must report to Illinois").[1]

## IV. CONCLUSION

In accordance with the foregoing, the Court DENIES plaintiffs' motion to remand.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |

---

[1] The Court rejects plaintiffs' argument that defendant's principal place of business must be in California because that is where "hundreds if not thousands of [defendant's] offices [are located]," and agents employed by the corporation conduct their work. See Mot at 5. Establishing that defendant has offices and employees in California does not prove that its principal place of business is in California. See Hertz Corp., 130 S. Ct. at 1194.